IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
11/24/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

DENISA OMEROVIC,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center; and
SAMUEL OLSON, ICE Field Office Director,

Respondents.

Case No. 26-3434-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the petition is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **December 2, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner, a native of Bosnia and Herzegovina, entered the United States in 2001 and became a lawful permanent resident in 2004, but she was convicted of drug offenses in 2021 in Florida state court. In 2022, petitioner was detained by immigration officials, removal proceedings were initiated, she was ordered removed, and the Board of Immigration Appeals (BIA) dismissed her appeal from that order. Petitioner was released in July 2022 on an Order of Release on Recognizance (OREC), but she was again detained

by immigration officials on February 18, 2026. Petitioner is presently detained within this judicial district. On November 9, 2026, petitioner filed this habeas action; respondents have now filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that her continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Specifically, petitioner claims that her removal in the foreseeable future is not likely, and that her release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should

> hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701.

More than six months have elapsed since petitioner's removal order became final and the statutory removal period began, and petitioner's present detention has also exceeded six months. Thus, *Zadvydas*'s burden-shifting framework applies, and respondents have not argued otherwise.

The Court finds – and respondents do not dispute – that petitioner has met her burden to provide "good reason to believe that there is no significant likelihood of [her] removal in the reasonably foreseeable future." After nine months of detention, officials have still not been able to remove petitioner to her native country, or even to obtain a travel document.

The Court further finds that the Government has not rebutted that showing by petitioner. On September 28, 2026, the Court denied a claim under *Zadvydas* by this petitioner, concluding as follows:

> Moreover, the Government has sufficiently rebutted any showing by petitioner, as it has submitted evidence that officials have requested a travel document from Bosnia and Herzegovina; that that country will accept petitioner once her identity has been verified; that officials have been working to secure the necessary documentation (they have received a copy of her mother's passport and are awaiting receipt of her father's immigration file); and that removal typically is accomplished within 30 days of issuance of a travel document.

In response to the present petition, the Government has conceded that on November 4, 2026, officials from Bosnia and Herzegovina concluded that they could not issue a travel document for petitioner, with the result that immigration officials are now exploring third country options for petitioner's removal. The Government has not provided any information, however, concerning possible third countries for removal, how long that process will take, or the likelihood of removing petitioner in the foreseeable future. Indeed, Government counsel (to her credit) does not even oppose the petition or argue that petitioner is not entitled to relief under the *Zadvydas* standard; instead, she merely states that the Court "should analyze" the petition under that standard. In the absence of specific

evidence showing when petitioner might actually be removed, the Court cannot find that the Government has met its burden here.

In sum, the Government has not shown a significant likelihood that, even though efforts to remove petitioner to her home country have now failed and efforts to identify an alternative country for removal have only just begun, petitioner will nonetheless be removed in the reasonably foreseeable future. Petitioner's detention is therefore unreasonably indefinite, and the Court thus concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700. Accordingly, the petition is granted to that extent, and respondents are ordered to effect petitioner's release by **December 2, 2026**.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **December 2, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 24th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

[1] In light of its ruling under *Zadvydas*, the Court need not address petitioner's alternative due process claim.